UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBIN FRANCIS SIELER, | No. 2:16-CV-00033-LRS |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,** *INTER ALIA* |
| vs. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

**BEFORE THE COURT** are the Plaintiff's Motion For Summary Judgment (ECF No. 12) and the Defendant's Motion For Summary Judgment (ECF No. 13).

## JURISDICTION

Robin Francis Sieler, Plaintiff, applied for Title XVI Supplemental Security Income benefits (SSI) on April 10, 2012. The application was denied initially and on reconsideration. Plaintiff timely requested a hearing which was held on March 20, 2014, before Administrative Law Judge (ALJ) Lori L. Freund. Plaintiff testified at the hearing, as did Vocational Expert (VE) K. Diane Kramer. On June 3, 2014, the ALJ issued a decision finding the Plaintiff not disabled. The Appeals Council denied a request for review of the ALJ's decision, making that decision the Commissioner's final decision subject to judicial review. The Commissioner's final decision is appealable to district court pursuant to 42 U.S.C. §405(g) and §1383(c)(3).

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 1**

## STATEMENT OF FACTS

The facts have been presented in the administrative transcript, the ALJ's decision, the Plaintiff's and Defendant's briefs, and will only be summarized here. At the time of her application for SSI benefits, Plaintiff was 25 years old, and at the time of the administrative hearing, she was 27 years old. She has a high school education, but no past relevant work experience.

## STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence...." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Beane v. Richardson*, 457 F.2d 758, 759 (9th Cir. 1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982).

It is the role of the trier of fact, not this court to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

A decision supported by substantial evidence will still be set aside if the proper

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 2**

legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

## ISSUES

Plaintiff argues the ALJ erred in: 1) failing to find that Plaintiff has a "severe" psychotic disorder and a "severe" schizoaffective disorder; 2) failing to accurately assess Plaintiff's residual functional capacity (RFC); and 3) failing to pose a proper hypothetical to the VE.

## DISCUSSION
**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work but cannot, considering her age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. *Id*.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287 (1987). Step one determines if she is engaged in substantial gainful activities. If she is, benefits are denied. 20 C.F.R. § 416.920(a)(4)(I). If she is not, the decision-maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 3**

of impairments. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpart P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step which determines whether the impairment prevents the claimant from performing work she has performed in the past. If the claimant is able to perform her previous work, she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant cannot perform this work, the fifth and final step in the process determines whether she is able to perform other work in the national economy in view of her age, education and work experience. 20 C.F.R. § 416.920(a)(4)(v).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

The ALJ found the following: 1) Plaintiff has "severe" medical impairments, those being: borderline personality disorder; generalized anxiety disorder with

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 4**

posttraumatic stress disorder (PTSD) features; depressive disorder, not otherwise specified (NOS); migraine headaches; chronic lumbosacral strain; history of seizure disorder; and pain disorder with psychological impairment and a general medical condition; 2) Plaintiff's impairments do not meet or equal any of the impairments listed in 20 C.F.R. § 404 Subpart P, App. 1; 3) Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 416.967(b), except that she must avoid climbing ladders, ropes or scaffolds; can only occasionally climb ramps or stairs, balance, stoop, kneel, crouch and crawl; must avoid exposure to hazardous machinery, unprotected heights, and operational control of moving machinery; must avoid concentrated exposure to dusts fumes, odors, gases, and chemicals, vibration, and noise; must work away from the general public, but could have superficial to occasional interaction with small groups of coworkers, although no tandem tasks should be performed with those coworkers; Plaintiff requires a low stress environment; can tolerate only occasional changes in the work setting; and can perform jobs requiring only occasional judgment; and 4) Plaintiff's RFC allows her to perform other jobs existing in significant numbers in the national economy, including mail clerk and lab sample carrier. Accordingly, the ALJ concluded the Plaintiff is not disabled.

**SEVERE IMPAIRMENT**

A "severe" impairment is one which significantly limits physical or mental ability to do basic work-related activities. 20 C.F.R. § 416.920(c). It must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. It must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not just the claimant's statement of symptoms. 20 C.F.R. § 416.908.

Step two is a *de minimis* inquiry designed to weed out nonmeritorious claims

at an early stage in the sequential evaluation process. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987) ("[S]tep two inquiry is a *de minimis* screening device to dispose of groundless claims"). "[O]nly those claimants with slight abnormalities that do not significantly limit any basic work activity can be denied benefits" at step two. *Bowen*, 482 U.S. at 158 (concurring opinion). "Basic work activities" are the abilities and aptitudes to do most jobs, including: 1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; 2) capacities for seeing, hearing, and speaking; 3) understanding, carrying out, and remembering simple instructions; 4) use of judgment; 5) responding appropriately to supervision, co-workers and usual work situations; and 6) dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b).

The Commissioner has stated that "[i]f an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005), citing S.S.R. No. 85-28 (1985). An ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence." *Id*.

Plaintiff asserts the ALJ erred in failing to find she suffers from a psychotic disorder and a schizoaffective disorder and that they are "severe" impairments. Plaintiff notes that as part of an "Outpatient Psychiatric Intake Assessment" at Frontier Behavioral Health in 2012, she was diagnosed with "Psychotic Disorder NOS- Primary" and "Schizoaffective Disorder-Rule Out 1." (AR at p. 1054). These appear to be diagnoses provided by mental health therapists instead of licensed psychiatrists or psychologists. Nurse practitioners, physicians' assistants, and therapists (physical and mental health) are not "acceptable medical sources" for the

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 6**

purpose of establishing if a claimant has a medically determinable impairment. 20 C.F.R. § 416.913(a).[1]

In February 2011 and again in February 2012, Plaintiff was evaluated by John Arnold, Ph.D., a licensed psychologist with Northwest Behavioral Health Clinic, P.S. These evaluations were completed pursuant to a request by the Washington Department of Social and Health Services (DSHS). In February 2011, Dr. Arnold diagnosed the Plaintiff with "Major Depressive Disorder, Single Episode, Severe with Psychotic Features." (AR at p. 910). In February 2012, he diagnosed Plaintiff with "Major Depressive Disorder, Recurrent, Severe with Psychotic Features." (AR at p. 902). The psychotic symptoms in Major Depressive Disorder with psychotic features are episodic and occur only during an episode of major depression. http://www.medscape.com/viewarticle/80724_5. Psychotic disorder NOS is a generalized disorder given to individuals who have experienced a psychotic episode but do not meet any other criteria for other psychotic based disorders such as schizophrenia. http://psychcentral.com/ask-the-therapist/2010/06/02/what-is-the-difference-between-psychosis-and-schizophrenia. Therefore, Dr. Arnold's diagnoses of Major Depressive Disorder are essentially the same as the "Psychotic Disorder NOS-Primary" diagnosis that Plaintiff received from Frontier Behavioral Health. As noted above, the ALJ found that Plaintiff suffers from a "severe" depressive disorder, not otherwise specified.

Schizoaffective disorder is a chronic mental health condition characterized primarily by symptoms of schizophrenia, such as hallucinations or delusions, and

---

[1] Their opinions are, however, relevant to show the severity of an impairment and how it affects a claimant's ability to work. 20 C.F.R. § 416.913(d).

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 7**

symptoms of a mood disorder, such as mania and depression. Schizoaffective disorder can be difficult to diagnose because it has symptoms of both schizophrenia and either depression or bipolar disorder.  https://www.nami.org/Learn-More/Mental-Health-Conditions/Schizoaffective-Disorder.  While, as Plaintiff notes, there is a reference to a discharge diagnosis of "schizophrenia" following a January 2011 psychiatric hospitalization (AR at p. 994), there simply is not enough detail accompanying that diagnosis, nor enough detail in the rest of the record, to reasonably suggest that Plaintiff suffers from a distinct condition of schizophrenia or schizoaffective disorder, as opposed to Major Depressive Disorder with symptoms of schizophrenia. Moreover, a "rule out" diagnosis means there is uncertainty about the diagnosis and although there is evidence that the criteria for the diagnosis may be met, more information is needed to rule it out.  *Burleson v. Astrue*, 2012 WL 195022 (W.D. Wash. 2012) at *5, n. 2.  Accordingly, the ALJ did not err in failing to single out schizoaffective disorder as a distinct "severe" medically determinable impairment.

Finally, the record fails to indicate that Plaintiff suffered unique limitations from what might be a schizoaffective disorder.  Therefore, even if the ALJ erred in failing to find schizoaffective disorder is a separate and distinct "severe" impairment, it is a harmless error.  *Burch v. Barnhart*, 400 F.3d 676, 682-83 (9th Cir. 2005).

**RFC DETERMINATION**

Plaintiff contends the ALJ erred in her assessment of Plaintiff's physical and mental residual functional capacities (RFCs).  Plaintiff does not, however, take issue with the reasons the ALJ provided for finding Plaintiff not entirely credible in her statements about her mental and physical limitations.  The ALJ meticulously detailed these reasons in her decision (AR at pp. 33-38), which included: inconsistency of Plaintiff's statements with objective medical evidence and with statements Plaintiff had previously made to medical sources; inconsistency of Plaintiff's statements with

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 8**

opinions by examining medical sources; suggestions by some examining sources of malingering by the Plaintiff; evidence of drug-seeking behavior by Plaintiff; effectiveness of medication in controlling Plaintiff's symptoms; and daily living activities inconsistent with the severity of limitations asserted by Plaintiff. These reasons are "clear and convincing" and they constitute substantial evidence in support of the ALJ's RFC determination.[2]

Credibility evaluations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or there is an inconsistency between a claimant's subjective complaints and her diagnosed conditions. *Webb*, 433 F.3d at 688. The "clear and convincing" reasons provided for discounting Plaintiff's credibility served as "specific and legitimate" reasons for the ALJ to accord "little

---

[2] Where, as here, the Plaintiff has produced objective medical evidence of an underlying impairment that could reasonably give rise to some degree of the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ's reasons for rejecting the Plaintiff's testimony must be clear and convincing. *Garrison v. Colvin*, 759 F.3d 95, 1014 (9th Cir. 2014); *Burrell v. Colvin,* 775 F.3d 1133, 1137 (9th Cir. 2014). If an ALJ finds a claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir.2002). Among other things, the ALJ may consider: 1) the claimant's reputation for truthfulness; 2) inconsistencies in the claimant's testimony or between her testimony and his conduct; 3) the claimant's daily living activities; 4) the claimant's work record; and 5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Id*.

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 9**

weight" to the limitations opined by Dr. Arnold in his DSHS evaluations, including that Plaintiff would have a marked limitation in maintaining appropriate behavior in a work setting (AR at p. 911), and that she would have difficulty arriving for work consistently and persisting through a typical workday (AR at p. 903).[3] As the ALJ accurately noted:

> While there is objective evidence that the [Plaintiff] has mental health conditions and some resulting limitations, . . . the evaluations conducted by [DSHS] evaluators are largely based on the [Plaintiff's] self-reported symptoms and complaints, and the undersigned does not find the [Plaintiff] entirely credible.

(AR at p. 38).

Because the ALJ's RFC determination is supported by substantial evidence, she did not pose an improper hypothetical to the VE. (AR at pp. 94-95). The RFC determination and the VE hypothetical took into account those limitations supported by the record that did not depend on the Plaintiff's subjective complaints that lacked credibility. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

---

[3] It is settled law in the Ninth Circuit that in a disability proceeding, the opinion of a licensed treating or examining physician or psychologist is given special weight because of his/her familiarity with the claimant and his/her condition. If the treating or examining physician's or psychologist's opinion is not contradicted, it can be rejected only for clear and convincing reasons. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if specific, legitimate reasons that are supported by substantial evidence are given. *Id*. "[W]hen evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 10**

## CONCLUSION

The ALJ rationally interpreted the evidence and "substantial evidence"- more than a scintilla, less than a preponderance- supports her decision that Plaintiff is not disabled.

Defendant's Motion For Summary Judgment (ECF No. 13) is **GRANTED** and Plaintiff's Motion For Summary Judgment (ECF No. 12) is **DENIED**. The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.** The District Executive shall enter judgment accordingly and forward copies of the judgment and this order to counsel of record.

**DATED** this ___21st___ day of June, 2017.

*s/Lonny R. Suko*

LONNY R. SUKO
Senior United States District Judge